BENJAMIN B. WAGNER
United States Attorney
KATHLEEN A. SERVATIUS
Assistant U.S. Attorney
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559)497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEGUNDO PINEDA-VIVEROS,<br>RAFAEL PINEDA-PARRA,<br>DANIEL PINEDA-PARRA,<br>SEGUNDO PINEDA-MAGADAN,<br>ABELINO PINEDA-VIVEROS,<br>ARCELIO SERRANO-ZEPEDA,<br>　　　AKA ART;<br>JULIAN SANCHEZ-MEDINA,<br>ROSENDO PINEDA-MAGADAN,<br>CESAR PINEDA-MAGADAN,<br>MODESTO PINEDA-PARRA, and<br>VIANEY GARCIA-VIVEROS,<br><br>　　　　Defendants. | 1:10-CR-00416-LJO<br><br>APPLICATION FOR ORDER<br>REGARDING CRIMINAL FORFEITURE<br>OF PROPERTY IN GOVERNMENT<br>CUSTODY - 18 U.S.C. §<br>983(a)(3)(B)(ii)(II) |

　　　The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter.  The grounds for the motion are as follows:

　　　On or about September 22, 2010, during the execution of a federal search warrant agents seized the following:

1        a.   Approximately $5,200.00 in U.S. Currency.
2 Hereafter, the above-referenced asset is referred to as the "seized
3 asset".
4      In accordance with 18 U.S.C. § 983(a)(1), the Drug Enforcement
5 Administration ("DEA") sent notice to all potential claimants of its
6 intent to forfeit the seized asset in a non-judicial forfeiture
7 proceeding, and caused notice to be published in a newspaper of
8 general circulation.
9       On or about January 3, 2011, defendant Daniel Pineda-Parra
10 filed a claim contesting the administrative forfeiture of the seized
11 asset pursuant to 18 U.S.C. § 983(a)(2).
12     Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days
13 in which to 1) return the property to the defendant, 2) commence a
14 civil judicial forfeiture action, or 3) commence a criminal
15 forfeiture action by including the seized asset in a criminal
16 indictment.  On October 7, 2010, the government elected the third
17 option when it filed an Indictment containing a general forfeiture
18 allegation.  On April 1,2011, the government filed a Bill of
19 Particulars specifically listing the seized asset.  That Indictment
20 and Bill of Particulars are now pending in this Court.
21      Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the
22 government elects the third option, it must "take the steps necessary
23 to preserve its right to maintain custody of the property as provided
24 in the applicable criminal forfeiture statute."  The applicable
25 forfeiture statute in this case is 21 U.S.C. § 853.  That statute
26 prescribes several methods for preserving property for the purpose of
27 criminal forfeiture.
28      Section 853(f) authorizes the issuance of a criminal seizure

warrant.  However, in cases like this one, where the property in question is already in government custody, it is not appropriate for a court to issue a seizure warrant directing the government to seize property from itself.  In turn, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture.  However, that provision is not pertinent because there is no need to enjoin the government from disposing of property that the government has taken into its custody for the purpose of forfeiture, and that the government intends to preserve for that purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture.  The government contends that this provision applies in circumstances where, as here, the government has already obtained lawful custody of the seized asset pursuant to a federal search warrant, and the government seeks to comply with Section 983(a)(3)(B)(ii)(II).  Thus, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that the United States and its agencies, including DEA and/or the U.S. Marshals Service, may continue to maintain custody of the seized asset until the criminal case is concluded.

Accordingly, pursuant to Section 853(e)(1), the United States respectfully moves this court to issue an order directing that the United States may maintain custody of the seized asset through the conclusion of the pending criminal case, and stating that such order

///
///
///

satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

DATED: 6/27/11                BENJAMIN B. WAGNER
                              United States Attorney


                              /S/ Kathleen A. Servatius
                              KATHLEEN A. SERVATIUS
                              Assistant U.S. Attorney


**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case.  For the reasons provided in the government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the DEA and/or the U.S. Marshals Service, are authorized to maintain and preserve the following asset until the conclusion of the instant criminal case, or pending further Order of this Court:

   a. Approximately $5,200.00 in U.S. Currency.

IT IS SO ORDERED.

Dated:   **July 1, 2011**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

4                    Application For Order Regarding
                     Criminal Forfeiture of Property